UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiffs,

v.                                        Case No. 3:22-CV-487-TJC-MCR

MICHAEL RANDO, *ET AL*,

    Defendants.
_____

## Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference telephonically on 6/15/2022. Hong Park, Brian Welke, Nathan Hill, Katherine Donlon, Jared Burns, and Daniel Bean attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|
   | Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 7/22/2022 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/1/2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 2/15/2023 |
| Defendant's deadline for disclosing any expert report. | 2/15/2023 |
| Deadline for disclosing any rebuttal expert report. | 3/31/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 1/16/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | n/a |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 5/12/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties will file a separate settlement process proposal by June 24, 2022 as directed by the Court. | 6/30/2023 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/12/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 10/19/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/26/2023 |
| Month and year of the trial term. | Nov. 2023 |

The trial will last approximately 10 days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

Plaintiff alleges Defendants ran a credit repair operation that engaged in illegal tactics to purportedly boost consumers' credit scores in violation of Section 5 of the

2

FTC Act, the Credit Repair Organizations Act ("CROA"), and the Telemarketing Sales Rule ("TSR"). Defendants' alleged unlawful practices fall into five broad categories: (1) using credit repair tactics that mislead CRAs and potential creditors, and therefore, violate CROA (Counts V, VI, and VII); (2) falsely marketing their credit repair tactics as legal and effective in achieving substantial improvements to consumers' credit reports and scores in violation of Section 5 of the FTC Act, CROA, and TSR (Counts I, III, and X); (3) failing to provide consumers the disclosures required by CROA (Count VIII); (4) collecting prohibited advanced fees in violation of CROA and TSR (Count IV and XIII); and (5) failing to honor consumers' cancelation and refund requests in violation of Section 5, CROA, and the TSR (Counts I, IX, and XI).

Plaintiff also alleges Defendants sold consumers a related money-making opportunity to operate their own credit repair scheme. Plaintiff asserts Defendants' marketing claims are false and violate Section 5, the TSR, and the Business Opportunity Rule ("BOR") (Counts II, XII, and XIV). Plaintiff also argues Defendants failed to provide prospective customers the consumer protection disclosures required by the BOR for marketing business opportunities (Counts XV and XVI).

Plaintiff alleges Corporate Defendants operated as a common enterprise, under Individual Defendants' control or with their participation, and with Individual Defendants' knowledge.

Defendants deny any wrongdoing.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

4

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☐ Yes.
      ☒ No; instead, the parties agree to these changes: Parties agree to the deadline for submitting the Initial Disclosure set forth in Para. 2 above. Parties agree to identify consumers likely to have discoverable information in a mutually agreeable manner to prevent the public disclosure of personal information.

   B. Discovery may be needed on these subjects:
      - Defendants' policies, procedures, and practices relating to the marketing, sales, customer service, and other activities involved in their operations.
      - Defendant Michael Rando's authority, control, and participation in Corporate Defendants' operations.
      - Defendant Valerie Rando's authority, control, and participation in Corporate Defendants' operations.
      - Relationship among the Corporate Defendants.
      - Defendants' relationship with vendors and other third parties involved in their operations.
      - Defendants' assets and liabilities.
      - Defendants' revenue generated from their operations.
      - Consumer complaints about Defendants' products and services.
      - Basis and scope of Defendants Michael and Valerie Rando's assertion of the Fifth Amendment privilege.
      - Purpose, scope, and process of FTC's investigation.
      - Customer experience and damages.

C. Discovery should be conducted in phases:

☐ No.
☒ Yes; Parties propose to bifurcate discovery, with expert discovery commencing after the close of fact discovery on 1/16/2023.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ *Hong Park*

Hong Park
Counsel for Federal Trade Commission
6/20/2022

/s/ *Katherine C. Donlon*

Katherine C. Donlon
Counsel for Maria Yip (Receiver)
6/20/2022

/s/ *Nathan W. Hill*

Nathan W. Hill
Counsel for Digital Business Scaling LLC,
Financial Consulting Mgmt. Group LLC,
First Coast Matchmakers Inc.,
First Coast Matchmakers LLC,
Prosperity Training Technology LLC,
Michael Rando,
Valerie Rando
6/20/2022

/s/ *Jared Joseph Burns*

Jared Joseph Burns
Counsel for Elite Customer Svcs. LLC,
Resource Mgmt. Investments LLC
6/20/2022