**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | **No. 3:22-cv-487-TJC-MCR** |
| v. | |
| MICHAEL RANDO, et al., | |
| Defendants. | |

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND
MONETARY JUDGMENT AS TO DEFENDANTS ELITE CUSTOMER
SERVICES, LLC, AND RESOURCE MANAGEMENT INVESTMENTS, LLC**

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief (Doc. 1) ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b.  The Commission and Defendants Elite Customer Services, LLC, and Resource Management Investments, LLC ("Defendants"), stipulate to entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute between them in this action.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.    This Court has jurisdiction over this matter.

1

2.     The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); multiple provisions of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679-1679j; multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; Section 1401(b)(2) of the COVID-19 Consumer Protection Act, 15 U.S.C. § 45 note (CCPA § 1401(b)(2)); and multiple provisions of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "BOR"), 16 C.F.R. Part 437.

3.     Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.     Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, whether tangible, intangible, digital, intellectual property, or otherwise.

2

B.      "**Business Opportunity**" means a commercial arrangement in which:

1.      A Seller solicits a prospective Purchaser to enter into a new business; and

2.      The prospective Purchaser makes a required payment; and

3.      The Seller, expressly or by implication, orally or in writing, represents that the Seller or one or more Designated Persons will:

i.      Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the Purchaser; or

ii.      Provide outlets, accounts, or customers, including Internet outlets, accounts, or customers, for the Purchaser's goods or services; or

iii.      Buy back any or all of the goods or services that the Purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including providing payment for such services as, for example, stuffing envelopes from the Purchaser's home.

C.      "**Credit Repair Service**" means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of:  1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or 2) providing any advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

3

D.   "**Defendants**" means Elite Customer Services, LLC, and Resource Management Investments, LLC, and each of their subsidiaries, affiliates, successors, and assigns, individually, collectively, or in any combination.

E.   "**Designated Person**" means any Person, other than the Seller, whose goods or services the Seller suggests, recommends, or requires that the Purchaser use in establishing or operating a new business.

F.   "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases, and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate Document within the meaning of the term.

4

G.      "**Investment Opportunity**" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

H.      "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

I.      "**Providing locations, outlets, accounts, or customers**" means furnishing the prospective Purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead generating companies; providing a list of locator or lead generating companies; collecting a fee on behalf of one or more locators or lead generating companies; offering to furnish a list of locations; or otherwise assisting the prospective Purchaser in obtaining his or her own locations, outlets, accounts, or customers.

J.      "**Purchaser**" means a Person who buys a Business Opportunity.

K.      "**Receiver**" means Maria M. Yip, the receiver appointed in Section XIII of the Temporary Restraining Order issued on May 3, 2022 (Doc. 12), and any deputy receivers named by the Receiver.

L.      "**Receivership Estate**" means the Assets identified in Section IV.B of this Order and all Assets of the Defendants, including: (a) any Assets of the

Defendants currently in the possession of the Receiver; (b) all the funds, property, premises, accounts, documents, mail, and all other Assets of, or in the possession or under the control of, the Defendants, wherever situated, the income and profits therefrom, all sums of money now or hereafter due or owing to the Defendants, and any other Assets or property belonging or owed to the Defendants; (c) any Assets of the Defendants held in Asset protection trusts; (d) any reserve funds or other accounts associated with any payments processed on behalf of any Defendant, including such reserve funds held by a payment processor, credit card processor, or bank; and (e) any proceeds from the sale of such Assets, except those Assets the sale of which the Receiver determines will not add appreciably to the value of the estate.

M.      "**Seller**" means a Person who offers for sale or sells a Business Opportunity.

## ORDER

## CONDUCT RELIEF

### I.

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, selling, providing, or offering for sale, or assisting others in advertising, marketing, promoting, selling, providing, or offering for sale, any Credit Repair Service.

## II.

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any product or service (including any Business Opportunity or Investment Opportunity), are permanently restrained and enjoined from misrepresenting, expressly or by implication:

    A.    The profitability, effectiveness, or income potential, including but not limited to claims of lifestyle changes tied to the representation, of any Business Opportunity or Investment Opportunity;

    B.    That a product or service is legal or otherwise protected by any statute or rule;

    C.    The terms of any refund, money-back guarantee, cancellation, exchange, or repurchase policy, or the circumstances under which a full or partial refund will be granted or denied;

    D.    That a product or service is associated with a government benefit related to COVID-19;

    E.    That a product or service is associated with the treatment, cure, prevention, mitigation, or diagnosis of COVID-19; or

    F.    Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or

any material aspect of its performance, efficacy, nature, or central characteristics.

## III.

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant field, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## IV.   MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of $18,875,613.94 is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief pursuant to Section 19 of the FTC Act.  The liability of Defendants for the

judgment shall also be joint and several with any other defendants in this litigation to the extent subsequently ordered.

B.      In partial satisfaction of the judgment entered against Defendants, and to the extent not already done so:

  1.      Fifth Third Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC, the Receiver, or the FTC's designated agent all funds, if any, in the account ending in -8167 in the name of Elite Customer Services, LLC; and

  2.      Wells Fargo Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC, the Receiver, or the FTC's designated agent all funds, if any, in the account ending in -8154 in the name of Resource Management Investments, LLC.

C.      Upon completion of all transfers set forth in Subsection B above, the remainder of the judgment is suspended, subject to the Subsections below.

D.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission:

  1.      the Financial Statement of Defendant Elite Customer Services, LLC, signed by Deborah Rando on May 26, 2022, including the attachments and other submitted Documents;

9

2. the Financial Statement of Defendant Resource Management Investments, LLC, signed by Deborah Rando on May 26, 2022, including the attachments and other submitted Documents;

E. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that any Defendant failed to disclose any material Asset, materially misstated the value of any Asset, or made any other material misstatement or omission in Defendants' financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V. ADDITIONAL MONETARY PROVISONS

**IT IS FURTHER ORDERED** that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all Assets transferred pursuant to this Order identified in Section IV.B of this Order and may not seek the return of any of those Assets.

B. The Receiver shall liquidate all Assets transferred to the Receiver pursuant to this Order.  After payment to the Receiver of any expenses approved by the Court, all proceeds from the liquidation of those Assets shall

be paid to the Commission.  The Receiver is excused from the requirements of 28 U.S.C. sections 2001 and 2004 in connection with any pending or contemplated sale by the Receiver.

C.      Any entity or person, including Defendants or any financial institution holding Defendants' Assets, must transfer those Assets to the Commission or Receiver, in accordance with instructions provided by a representative of the Commission or Receiver, within 7 days of receiving notice of this Order. D. Once all of Defendants' Assets are transferred in accordance with Subsection IV.B, the Asset freeze instituted by the Temporary Restraining Order (Doc. 12) and the Stipulated Preliminary Injunction (Doc. 101) shall dissolve with respect to Defendants.

E.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

F.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

G.      Defendants acknowledge that their Taxpayer Identification Numbers or Employer Identification Numbers, which Defendants must submit to the

Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

H.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of

12

the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of Credit Repair Services, Business Opportunities, or Investment Opportunities; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.   COOPERATION

**IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendants must provide truthful and complete information, evidence,

13

and testimony.  Such Defendants must cause Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII.  RECEIVERSHIP

**IT IS FURTHER ORDERED** that Maria M. Yip is hereby appointed equity Receiver for the Defendants for the purpose of taking the necessary steps to wind up the businesses of the Defendants, liquidate Assets, and pay any net proceeds to the Commission to satisfy the monetary judgment in this Order.  In carrying out these duties, the Receiver shall be the agent of this Court, shall be accountable directly to this Court, and is authorized and directed to:

A.     Take any and all steps that the Receiver concludes are appropriate to wind down the affairs of the Defendants.

B.     Continue to exercise full control over the Defendants and continue to collect, marshal, and take custody, control, and possession of all the funds, property, premises, accounts, documents, mail, and other Assets of, or in the possession or under the control of the Defendants, wherever situated, the income and profits therefrom, and all sums of money now or hereafter due or owing to the Defendants.

C.     Continue to have full control over the management and personnel of the Defendants.

D.     Take all steps necessary or advisable, including issuing subpoenas, to locate and liquidate all other Assets of the Defendants, cancel the Defendants' contracts, collect on amounts owed to the Defendants, and take such other steps as may be necessary to wind-up the Defendants efficiently.

E.     As soon as practicable after the entry of this Order, take exclusive custody, control, and possession of all Assets identified in Section IV.B of this Order, to the extent not already completed.

F.     Give reasonable notice to the Commission of any settlements or compromises by the Receiver concerning the Receivership Estate, before the settlement or compromise is consummated.  Within 20 days of this notice, the Commission shall have the opportunity to object to any such settlement, by filing a motion with the Court.

G.     Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants prior to the date of entry of the Temporary Restraining Order in this action, except payments that the Receiver deems necessary or advisable to ensure Assets of the Defendants are not lost, stolen, or dissipated.

H.     Institute actions or proceedings in state, federal, or foreign courts as the Receiver deems necessary and advisable to preserve or recover the Assets of the Defendants, or that the Receiver deems necessary and advisable to carry

15

out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers.

I.      Defend any or all actions or proceedings instituted against the Defendants, as the Receiver deems necessary and advisable to preserve the Assets of the Defendants.

J.      Continue to maintain accurate records of all receipts and expenditures incurred as the Receiver.

K.      Perform all acts necessary or advisable to complete an accurate accounting of the Assets of the Receivership Estate, and prevent unauthorized transfer, withdrawal, or misapplication of said Assets.

L.      Continue to be entitled to reasonable compensation for the performance of the Receiver's duties pursuant to this Order, including duties performed by the Receiver's agents, including accountants and lawyers, and for the cost of actual out-of-pocket expenses incurred by them, from the Assets of the Receivership Estate, at the hourly rate previously agreed to by the Receiver and used as the bases for prior fee applications approved by the Court.

M.      Prepare and file, within 120 days of entry of this Order, a written report describing (1) the steps taken to implement the terms of this Order; (2) the value of all Assets and liabilities of the Receivership Estate; (3) whether there exists a need for the Receivership to continue; and (4) any other matters which the Receiver believes should be brought to the Court's attention.

## IX.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 20 years after entry of this Order, Defendants must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of this Order, and all agents and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendants deliver a copy of this Order, Defendants must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, Defendants must submit a

compliance report, sworn under penalty of perjury.  Each Defendant must: (a)

identify the primary physical, postal, and email address and telephone

number, as designated points of contact, which representatives of the

Commission may use to communicate with Defendant; (b) identify all of that

Defendant's businesses by all of their names, telephone numbers, and

physical, postal, email, and Internet addresses; (c) describe the activities of

each business, including the goods and services offered, the means of

advertising, marketing, and sales; (d) describe in detail whether and how that

Defendant is in compliance with each Section of this Order; and (e) provide a

copy of each Order Acknowledgment obtained pursuant to this Order, unless

previously submitted to the Commission.

B.      For 20 years after entry of this Order, each Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any

change in the following:  (a) any designated point of contact; or (b) the

corporate structure of Defendant or any entity that Defendant has any

ownership interest in or controls directly or indirectly that may affect

compliance obligations arising under this Order, including: creation, merger,

sale, or dissolution of the entity or any subsidiary, parent, or affiliate that

engages in any acts or practices subject to this Order.

C.     Each Defendant must submit to the Commission notice of the filing of

any bankruptcy petition, insolvency proceeding, or similar proceeding by or

against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn

under penalty of perjury must be true and accurate and comply with 28 U.S.C.

§ 1746, such as by concluding:  "I declare under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.

Executed on:  _____" and supplying the date, signatory's full name, title (if

applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing,

all submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.

The subject line must begin: FTC v. Michael Rando, et al., Matter No.

X200021.

## XI.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for

20 years after entry of this Order, and retain each such record for 5 years.

Specifically, Defendants must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services

sold;

19

B.      Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and requests for Refunds or reimbursement, whether received directly or indirectly, such as through a third party, and any response; and

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended, and any failure to transfer any Assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendants.  Defendants must permit representatives of the Commission to interview any employee or other Person affiliated with Defendants who has agreed to such an interview.  The Person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


**SO ORDERED**, this 10th day of January, 2023.



Timothy J. Corrigan
TIMOTHY J. CORRIGAN
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF, FEDERAL TRADE COMMISSION:**

_____   Date: 12/15/2022

Hong Park
Brian M. Welke
Sana Chaudhry
Federal Trade Commission
600 Pennsylvania Avenue NW
CC- 9528
Washington, DC 20580
Tel: 202-326-2158 (Park), -2897 (Welke), -2679 (Chaudhry)
Fax: 202-326-3768
Email: hpark@ftc.gov, bwelke@ftc.gov, schaudhry@ftc.gov

**FOR DEFENDANTS:**

/s/ Jared J. Burns
_____   Date: September 26, 2022

Daniel K. Bean
dbean@abelbeanlaw.com
(904) 944-4104
Jared J. Burns
jburns@abelbeanlaw.com
(904) 944-4110
Abel Bean Law. P.A.
100 N. Laura Street, Ste. 501
Jacksonville, FL 32202

Counsel for Defendants Elite Customer Services, LLC and Resource Management
Investments, LLC

**DEFENDANTS:**

**Defendants Elite Customer Services, LLC and Resource Management
Investments, LLC**

Deborah Rando MGMR  Deborah Rando  Digitally signed by Deborah Rando Date: 2022.09.22 14:58:44 -04'00'   Date: 9/22/2022
_____
DEBORAH RANDO, as an officer of Elite Customer Services, LLC and Resource
Management Investments, LLC