UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                            CASE NO. 3:22-cv-487-TJC-MCR

MICHAEL RANDO, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*.

A review of the recent filings in this case indicates that Defendants, Michael Rando and Valerie Rando, are proceeding *pro se*. Because Defendants are proceeding *pro se*, the Court will take the opportunity to inform them of some, but not all, of the procedural rules with which they must comply. The Court reminds Defendants of these obligations because *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).[1]

---

[1] All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, which (along with many other resources) are available for review on the public website of the United States District Court for the Middle District of Florida at www.flmd.uscourts.gov, as well

All documents filed with the Court must be in the form of a pleading, *see* Fed.R.Civ.P. 7(a), or of a motion, *see* Fed.R.Civ.P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. Defendants must timely respond to the motions filed by other parties in this case, for if they do not timely respond to such a motion, the Court may assume that Defendants do not oppose that motion and any relief requested therein. Local Rule 3.01(c) provides that any brief or legal memorandum in opposition to a motion must be filed within 14 days after Defendants are served with that motion by their opponent. However, Local Rule 3.01(c) also provides that "a party may respond to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment within twenty-one [21] days after service of the motion." If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.

Defendants shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. *See* M.D. Fla. R. 3.01(j). In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver

---

as in the law libraries of federal and state courthouses, and can also be obtained from the Clerk's Office.

their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must include a caption; a brief title that describes the nature of the document; Defendant's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Defendants must bear their original signatures, or they will be rejected by the Court. Among other things, the signature serves as Defendants' certification, pursuant to Fed.R.Civ.P. 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Defendants are advised to review and become familiar with Fed.R.Civ.P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Defendants must also include a signed Certificate of Service. The Certificate of Service is confirmation that Defendants have complied with the requirements of Fed.R.Civ.P. 5 by serving on every other party to the action

(or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (*e.g.*, U.S. Mail, Federal Express, or hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If Defendants seek any relief from, or action by, the Court, or seek the entry of an order of any kind, Defendants must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* M.D. Fla. R. 3.01(a). The motion and memorandum shall be filed as one single document, however, and cannot exceed twenty-five pages (25) in length. *See id.* Further, Defendants are advised that prior to filing most motions, Local Rule 3.01(g) requires that they confer with opposing counsel in a good faith attempt to resolve the issue(s). Defendants must include a certification in the motion that they have complied with this requirement and they shall also notify the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with

the Court.  The failure to comply with these requirements or any other rule may result in the denial of the motion.

Defendants are also cautioned that they must abide by and comply with all orders of this Court.  Failure to do so may result in sanctions.  Lastly, Defendants are reminded that, although they are now proceeding *pro se*, they are not relieved of all of the obligations that rest upon an attorney.  There are still many requirements with which Defendants must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Defendants are warned that the failure to comply with these requirements and obligations can have significant consequences.  For example, failure to respond to discovery requests as described in the rules may result in sanctions.  *See* Fed.R.Civ.P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Defendants' duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED**:

Defendants shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

5

**DONE AND ORDERED** at Jacksonville, Florida, on May 3, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
*Pro Se* Parties
Counsel of Record